MILLER NASH LLP
Bernie Kornberg
bernie.kornberg@millernash.com
Jack Wallan, State Bar No. 353689
jack.wallan@millernash.com
340 Golden Shore, Suite 450
Long Beach, CA 90802
Telephone:  562.435.8002
Facsimile:  562.435.7967

Attorneys for Plaintiff
Live Oak Banking Company

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LIVE OAK BANKING COMPANY, a North Carolina Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TRIM TECH DISTRIBUTION LLC, et al.,<br><br>Defendants. | Case No. 5:25-CV-02467-EKL<br><br>**PLAINTIFF'S NOTICE OF MOTION TO STRIKE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES 1-10 OF DEFENDANTS BRET AND CHRISTINE SEWELL PURSUANT TO FRCP 12(F); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: August 13, 2025<br>Time: 10:00 a.m.<br>Judge: Hon. Eumi K. Lee |

PLEASE TAKE NOTICE THAT on August 13, 2025, or as soon as thereafter as counsel may be heard, before the Honorable Eumi K. Lee, United State District Court for the Northern District of California, in Department 7 of the United State Courthouse located at 280 South First Street, San Jose, CA 95113. Plaintiff Live Oak Banking Company ("Plaintiff") will move this Court for an order striking Defendants Bretton and Christine Sewell's (the "Sewell Defendants") affirmative defenses 1 through 10 asserted in their Answer. This Motion is made on the basis that Defendant's ten affirmative each fail to allege sufficient facts to support their assertion. Further some "affirmative defenses" are not affirmative defenses as they attack Plaintiff's case-in-chief.

- 2 -

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, and all matters that are subject to judicial notice, the arguments of counsel, and the other pleadings and files on record in this action.

Dated: May 7, 2025　　　　　　　　　　MILLER NASH LLP

By: /s/ Bernie Kornberg
　　　Bernie Kornberg
　　　Attorneys for Defendant
　　　Live Oak Banking Company

**TABLE OF CONTENTS**

I. STATEMENT OF ISSUES TO BE DECIDED ................................................................. 6
II. SUBSTANTIVE ALLEGATIONS OF THE COMPLAINT AND PROCEDURAL HISTORY ................................................................................................................................. 6
III. DISCUSSION ................................................................................................................. 7
    A. First Affirmative Defense ................................................................................. 8
    B. Second Affirmative Defense ............................................................................ 8
    C. Third Affirmative Defense ............................................................................... 9
    D. Fourth Affirmative Defense ............................................................................. 9
    E. Fifth Affirmative Defense .............................................................................. 10
    F. Sixth Affirmative Defense ............................................................................. 11
    G. Seventh Affirmative Defense ........................................................................ 11
    H. Eighth Affirmative Defense .......................................................................... 11
    I. Ninth Affirmative Defense ............................................................................ 12
    J. Tenth Affirmative Defense ............................................................................ 12
IV. CONCLUSION ............................................................................................................. 12

# **TABLE OF AUTHORITIES**

Page(s)

**Federal Cases**

*Barnes v. AT&T Pension Benefit Plan-Nonbargained Program,*
 718 F.Supp.2d 1167 (N.D. Cal. 2012) ............................................................................... 7, 8

*Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.,*
 2011 WL 3809933 (C.D. Cal. Aug. 25, 2011) ....................................................................... 8

*Powertech Tech. Inc. v. Tessera, Inc.,*
 No. C 10-945, 2012 WL 1746848 (N.D. Cal. May 16, 2012) ............................................... 7

*Sidney-Vinson v. A.H. Robins Co.,*
 697 F.2d 880 (9th Cir. 1983) ................................................................................................. 7

*Vogel v. Huntington Oaks Delaware Partners, LLC,*
 291 F.R.D. 438 (C.D. Cal. 2013) .......................................................................... 7, 8, 10, 12

*Wyshak v. City Nat'l Bank,*
 607 F.2d 824 (9th Cir. 1979) ................................................................................................. 7

**California Cases**

*CADC/RADC Venture 2011-1 LLC v. Bradley,*
 235 Cal. App. 4th 775 (2015) .............................................................................................. 10

*Mariners Sav. & Loan Assn. v. Neil,*
 22 Cal. App. 3d 232 (Cal. Ct. App. 1971) ........................................................................... 11

*PMC, Inc. v. Kadisha,*
 78 Cal. App. 4th 1368 (2000) .............................................................................................. 10

**California Statutes**

Cal. Civ. Code
 § 2792 .................................................................................................................................. 11
 § 2856 .................................................................................................................................. 11

Cal. Civ. Proc. Code
 § 580a .................................................................................................................................... 9
 § 580b .................................................................................................................................... 9
 § 580d .................................................................................................................................... 9
 § 580e .................................................................................................................................... 9

**Other Authorities**

Fed. R. Civ. P 12(f) ................................................................................................... *passim*

Fed. R. Civ. Proc. 8(b) ................................................................................................................ 7

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF ISSUES TO BE DECIDED

On March 11, 2025 Plaintiff Live Oak Banking Company ("Plaintiff") filed a lawsuit against multiple defendants, including Bretton Sewell and Christine Sewell, both in their individual capacity and as trustees of the Sewell Family Trust, U/A dated 8/21/03 (the "Sewell Trust"). The lawsuit seeks, as to the Sewells and the Trust, judgement of personal liability on guarantees of loans given by Plaintiff to defendants Trim Tech Distribution LLC and Trim Tech Construction, Inc (collectively, the "Borrowers").

Bretton and Christine Sewell, in their individual capacity and as trustees of the Trust, (the "Sewell Defendants") filed an answer on April 17, 2025, which asserted ten affirmative defenses. The Sewell Defendants failed to make any factual allegations in support of their asserted defenses and none of the affirmative defenses are supported by the allegations of Plaintiff's complaint. To the contrary, California law expressly prohibits many of the affirmative defenses raised by the Sewell Defendants. Plaintiff thus moves this Court for an order striking those ten affirmative defenses under [Fed. R. Civ. Proc. 12(f)]("[Rule 12(f)]") as insufficiently pled and otherwise unjustified under law.

## II. SUBSTANTIVE ALLEGATIONS OF THE COMPLAINT AND PROCEDURAL HISTORY

In December of 2022, Plaintiff gave three loans, in the total amount of $8,750,000, to Borrowers to finance the purchase of certain assets and to finance the operations of Borrowers. Compl. ¶¶ 13, 16. As a condition for Plaintiff giving each loan to Borrowers, the Sewell Defendants provided unconditional guarantees of each loan to Plaintiff (the "Guarantees"). Compl. ¶¶ 22, 29, 35. In order to secure repayment of the Guarantees, the Sewell Defendants, as Trustees of the Sewell Trust, provided a deed of trust (the "Guarantee Deed of Trust") against the real property located at 58 Deodora Drive, Atherton, CA 94027 (the "Deodora Property"). Compl. ¶¶ 23, 30, 36.

Borrowers defaulted on their obligations under the loans. Compl. ¶ 37. On March 11, 2025, Plaintiff filed this action. As to the Sewell Defendants, the complaint brings a sole cause of

action for judicial foreclosure on the Deodora Property and entry of a deficiency judgment on the Guarantees after sale. Compl. ¶¶ 74-89.

The Sewell Defendants filed and served their answer on April 17, 2025.

### III.  DISCUSSION

Rule 12(f) motions to strike are intended to avoid the "expenditure of time and money that must arise from litigation spurious issues by dispensing with those issues prior to trial . . . ." *Sidney-Vinson v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) provides that the Court may strike from any pleading "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." In conjunction, Fed. R. Civ. Proc. 8(b) requires a defendant to "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. Proc. 8(b)(1)(a). The Ninth Circuit has previously held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979) (analyzing under the *Conley* pleading standard).

The majority of courts, including this District, consistently apply the *Twombly-Iqbal* pleading standard to both claims and defenses. *Vogel v. Huntington Oaks Delaware Partners, LLC*, 291 F.R.D. 438, 440 (C.D. Cal. 2013) (finding that although the Ninth Circuit has not expressly required the plausibility standard, "the entire Northern District" and the Central District apply it.); *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1171 (N.D. Cal. 2012); *see also Powertech Tech. Inc. v. Tessera, Inc.*, No. C 10-945, 2012 WL 1746848, at *4 (N.D. Cal. May 16, 2012) (collecting cases). Defendants are required to bolster their "affirmative defense with *some* factual support . . . ." *Vogel*, 291 F.R.D. at 441 (emphasis in original). This serves to discourage "the commonplace practice of asserting every possible affirmative defense, even those that are entirely irrelevant to a plaintiff's claim" *Id.* Therefore, a failure to provide "any facts, and instead, just alleging that the affirmative defense exists" is insufficient, and grounds to strike the defense. *Barnes*, 718 F.Supp.2d at 1172-73 (striking defenses).

In addition, "an attack on a plaintiff's case-in-chief is not an affirmative defense." *Vogel*,

291 F.R.D. at 442 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). Therefore, when an "affirmative defense" is an alleged "defect in a plaintiff's claim and not an additional set of facts that would bar recovery notwithstanding the plaintiff's valid prima facie case" it is not an affirmative defense. *Id.* (citing *Barnes*, 718 F.Supp.2d at 1174.)

The Sewell Defendants pled ten affirmative defenses, all bare recitation of the doctrines, unsupported by any facts. If any of the legally unsustainable affirmative defense are permitted to survive, Plaintiff will be required to conduct expensive and potentially unnecessary and irrelevant discovery, and so suffer prejudice. *See Barnes*, 718 F.Supp.2d at 1173. The ten affirmative defenses present a clear failure to allege any basis for their assertion. Plaintiff addresses the flaws of each affirmative defense in turn.

### A. First Affirmative Defense

The Sewell Defendants allege that the "complaint fails to state a claim upon which relief can be granted." As stated above, this is not an affirmative defense, as it is an attack on the case-in-chief. *See Vogel*, 291 F.R.D. at 442. Further, the affirmative defense is unsupported by any facts. This defense should be struck as it is a factually insufficient defense and is immaterial. *See* Rule 12(f).

### B. Second Affirmative Defense

The Sewell Defendants allege that "Plaintiff's claim are barred, in whole or in part, by the applicable statutes of limitation." This affirmative is unsupported by any facts supporting this defense. The District Court for the Central District of California struck a similarly pled affirmative defense for failure to plead facts supporting the defense. "Defendant fails to plead any facts here regarding this defense, merely setting forth that the Action is barred by the applicable statutes of limitations. As such, the Court finds that this affirmative defense pleads a legal conclusion and therefore fails to give Plaintiff fair notice of the defense." *Desert Eur. Motorcars, Ltd. v. Desert Eur. Motorcars, Inc.*, 2011 WL 3809933, at *3 (C.D. Cal. Aug. 25, 2011); *see also Vogel*, 291 F.R.D. at 442; *Barnes*, 718 F.Supp.2d at 1172-73 (striking statute of limitation defense). This Court should do the same here.

### C. Third Affirmative Defense

The Sewell Defendants allege that "Plaintiff claims are barred under California's anti-deficiency status." The Sewell Defendants identify solely California Code of Civil Procedure sections 580a, 580b, 580d, and 580e to support this defense. The Sewell Defendants again do not allege any factual support. None of these sections support the affirmative defense of barring a deficiency claim.

Section 580a sets forth the procedure in which a plaintiff may seek the judicial sale of real property and a deficiency claim after the sale. Cal. Civ. Proc. Code § 580a. Plaintiff has followed that procedure in filing this complaint. See Compl. ¶ 78. The Sewell Defendants identify no variance by Plaintiff from the statutes procedures to support this defense.

Section Cal. Civ. Proc. Code § 580b provides that a deficiency judgment may not arise if the loan arose out of certain enumerated circumstances, such as being a purchase money loan on a residence. Cal. Civ. Proc. Code § 580b. The facts alleged in the complaint are that the Deodora Property was given as a security to support the Sewell Defendants Guaranty. Compl. ¶¶ 23, 30, 36. Therefore, the Guarantee Deed of Trust was not part of a purchase money loan or a refinance of one, nor are any other facts pled putting the Guarantee Deed of Trust within the exceptions of section 580b.

Section 580d provides that a deficiency judgment may not arise when the "real property or estate for years therein has been sold by the mortgagee or trustee under power of sale contained in the mortgage or deed of trust." Cal. Civ. Proc. Code § 580d. Here, Plaintiff seeks a judgment of foreclosure, not to exercise the power of sale in the deed of trust, and therefore this section does not apply.

Finally, section 580e prohibits a deficiency judgment in the event of a short sale of owner occupied property. Cal. Civ. Proc. Code § 580e. No facts are alleged that would this defense.

This affirmative defense should be struck as factually insufficient and immaterial.

### D. Fourth Affirmative Defense

Sewell Defendants allege "Defendant is not a true third-party guarantor, but the alter ego or principal obligor, and therefore is entitled to the same anti-deficiency protections as the

borrower."

Under California law, "a lender may recover a deficiency judgment from a guarantor who waives his or her antideficiency protections, even though the antideficiency statutes would bar the lender from recovering that same deficiency from the primary borrower." *CADC/RADC Venture 2011-1 LLC v. Bradley*, 235 Cal. App. 4th 775, 784 (2015). As set forth in the complaint, the Sewell Defendants provided this waiver in their Guarantee. See See Ex. G, H, I, P, Q, U to Compl.

California authority provides a waiver of a right under a guarantee, which the borrower itself cannot waive, is not enforceable if it is a "sham guarantee". This doctrine applies when "the guarantor is the principal obligor on the debt, either because he or she personally executed the note or deed of trust, or because the guarantor is liable for the debts of the borrower by operation of some legal principle." *Id.* at 787. However, "[w]here there is legal separation between the borrower and guarantor, however, the guaranty is enforceable unless the loan transaction has been structured to subvert the antideficiency laws." *Id.*

Here, the allegations of the complaint are that the Borrowers are separate corporations organized under California law. Compl. ¶¶ 4-5. A principal of a corporation is not generally liable for the debts of the corporation. See *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1379 (2000). The Sewell Defendants do not allege any facts supporting their allegation that they are the "alter ego or principal obligor", nor do that allege any facts supporting their allegation that they are entitled to certain anti-deficiency protections. Therefore, the Sewell Defendants fail to plead this affirmative defense, and it should be struck as factually insufficient and immaterial.

E.   **Fifth Affirmative Defense**

The Sewell Defendants allege that "Plaintiff has failed to account for all payments, offsets, and liquidation proceeds, resulting in an inflated balance." Similar to Defendants' failure to state a claim defense, this defense appears to be an attack on the case-in-chief, and is not a true affirmative defense. See *Vogel*, 291 F.R.D. at 442. Regardless, it is not supported by any factual allegations and should be struck as factually insufficient and immaterial.

F.  **Sixth Affirmative Defense**

The Sewell Defendants allege that "Any waiver of rights in the guaranty agreement is unenforceable due to ambiguity, unconscionability, or conflict with statutory protections." The Sewell Defendants provided numerous waivers in their Guarantee to Plaintiff. See Ex. G, H, I, P, Q, U to Compl. California law explicitly provides that a guarantor may waive the protections for sureties under California law. Cal. Civ. Code § 2856. Further, other waivers of anti-deficiency statutes are also upheld under California authority. *Mariners Sav. & Loan Assn. v. Neil*, 22 Cal. App. 3d 232, 236 (Cal. Ct. App. 1971).

The Sewell Defendants do not identify what specific waiver of rights they allege is unenforceable. Likewise, the Sewell Defendants do not indicate what may be ambiguous, unconscionable, or conflict with statutory protections (or what those statutory protections may be). Given that California law broadly allows waivers of the rights of guarantors, and that no unwaivable right is identified, this affirmative defense should be struck as factually insufficient and immaterial.

G.  **Seventh Affirmative Defense**

The Sewell Defendants allege that "The guaranty is void or unenforceable due to lack of consideration or failure of consideration." However, under California law, "[w]here a suretyship obligation is entered into at the same time with the original obligation, or with the acceptance of the latter by the creditor, and forms with that obligation a part of the consideration to him, no other consideration need exist." Cal. Civ. Code § 2792. Here, the complaint alleges that the Guarantees were entered into as the same time as the loan to Borrowers. See Exs. B, G, H, I, N, P, Q, T, U to Compl. No factual allegations are otherwise pled to support this defense, and so it is legally defective and should be struck as factually insufficient and immaterial.

H.  **Eighth Affirmative Defense**

The Sewell Defendants allege that "Plaintiff breached its duty of good faith and fair dealing by acting in a commercially unreasonable or deceptive manner in enforcing the loan or guaranty." The Sewell Defendants make no factual allegation describing how Plaintiff acted in a commercially unreasonably or deceptive manner. Again, this is legally defective due to a lack of

supporting factual allegations, and the affirmative defense should be struck as factually insufficient and immaterial.

### I.     Ninth Affirmative Defense

Sewell Defendants allege "Plaintiff's claim is barred because the underlying debt or deficiency has been paid, satisfied, or discharged, in whole or in part." As stated above, this is not an affirmative defense, as it is an attack on the case-in-chief. See *Vogel*, 291 F.R.D. at 442. Further, the affirmative defense is unsupported by any facts. This defense should be struck as it is a factually insufficient defense and is immaterial. See Rule 12(f).

### J.     Tenth Affirmative Defense

The Sewell Defendants allege that "Plaintiff failed to mitigate its damages by not pursuing reasonable steps to maximize recovery from the foreclosure sale or other collateral." There are no factual allegations regarding a supposed failure to mitigate damages, or what "reasonable steps" were not taken. This affirmative defense should be struck as factually insufficient and immaterial.

## IV.  CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court order that all ten of Sewell Defendants' affirmative defenses be struck pursuant to Rule 12(f).

Dated: May 7, 2025, 2025          MILLER NASH LLP


By: /s/ Bernie Kornberg
Bernie Kornberg
Attorneys for Plaintiff
Live Oak Banking Company

# PROOF OF SERVICE

I, Bernie Kornberg, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 340 Golden Shore, Suite 450, Long Beach, California 90802.

On May 7, 2025, I electronically filed the attached document:

**PLAINTIFF'S NOTICE OF MOTION TO STRIKE AND MOTION TO STRIKE AFFIRMATIVE DEFENSES 1-10 OF DEFENDANTS BRET AND CHRISTINE SEWELL PURSUANT TO FRCP 12(F)**

with the Clerk of the court using the CM/ECF system which will then send a notification of such filing to the following:

| | |
|---|---|
| Elizabeth Marie Pappy<br>Burke, Williams & Sorensen LLP<br>60 South Market Street, Suite 1000<br>San Jose, CA 95113<br>(408) 606-6300<br>Fax: (408) 606-6333<br>Email: epappy@bwslaw.com | Rachel C. Witcher<br>Ghidotti Berger LLP<br>1920 Old Tustin Avenue<br>Santa Ana, CA 92705<br>949-427-2010<br>Fax: 949-446-1318<br>Email: rwitcher@ghidottiberger.com |
| Counsel for Bretton Sewell and Christine Sewell | Counsel for Mortgage Electronic Registration Systems, Inc. |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 7, 2025, at San Francisco, California.

/s/ Bernie Kornberg