Elizabeth M. Pappy (SBN 157069)
E-mail:  epappy@bwslaw.com
Evan L. Miller (SBN 336473)
E-mail:  emiller@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
60 South Market Street, Suite 1000
San Jose, California 95113-2336
Tel:  408.606.6300  Fax:  408.606.6333

Attorneys for Bretton and Christine
Sewell, in their individual capacities and
as Trustees of the Sewell Family Trust

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| LIVE OAK BANKING COMPANY, a North Carolina Corporation, <br><br> Plaintiff, <br><br> v. <br><br> TRIM TECH DISTRIBUTION LLC, a California Limited Liability Company; TRIM TECH CONSTRUCTION, INC. fka TT INSTALLATION INC., a California Corporation; BRETTON "BRET" SEWELL, in his individual capacity and as Trustee of the SEWELL FAMILY TRUST, U/A dated 8/21/03; CHRISTINE SEWELL, in her individual capacity and as Trustee of the SEWELL FAMILY TRUST, U/A dated 8/21/03; TRIM TECH HOLDINGS, LLC, a California Limited Liability Company; and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation, <br><br> Defendants. | Case No. 5:25-CV-02467-EKL <br><br> **DEFENDANTS' STATUS REPORT REGARDING SETTLEMENT** <br><br> Judge:   The Hon. Eumi K. Lee |

Pursuant to this Court's December 15, 2025 order, Defendants Bretton and Christine Sewell, in their individual capacities and as Trustees of the Sewell Family Trust (the "Sewell Defendants") provides the following status report as to the settlement of this case.

On September 16, 2025, Live Oak and defendants Bretton and Christine Sewell, individually and as Trustees of the Sewell Family Trust (the "Sewells") mediated the matter with Ret. Judge George Hernandez with ADR Services. The matter did not settle, but settlement discussions continued in principal.

**Defendants' Position:**

The parties attended mediation in September of 2025 before Ret. Judge George Hernandez and while they did not settle at the mediation session, they agreed on a general framework for settlement which included a paydown of the loan balances by $1,000,000 by the end of December of 2025 through collection of receivables owing to the Trim Tech entities, or cash payment by Mr. and Mrs. Sewell, listing of the real property securing the loans by March 1st and close of escrow or pay off of the loans by September 30, 2025. The bank agreed not to foreclose during the relevant period and the Sewells agreed to a judgment of foreclosure if the sale or pay off did not take place. Thereafter, Mr. and Mrs. Sewell collected close to $2 million dollars in receivables paying off the line of credit in its entirety despite there being no final settlement agreement. All receivable payments went directly to Plaintiff because of a loan terms requiring all such payments to be sent to the bank after default in September of 2024.

After numerous back and forth emails between counsel for the parties, and the significant pay down of the loan balances, Plaintiff sent terms for a settlement on November 20, 2025 on the terms set forth above excluding the $1,000,000 pay down which had already taken place by email confirmation on November 20th, 2025. The email includes very specific terms and none of them includes a non-litigation Forbearance Agreement. Defendants did not agree to the terms in the email but

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

Case No. 5:25-CV-02467-EKL
DEFENDANTS' STATUS REPORT REGARDING
SETTLEMENT

rather requested the loan balance information along with an accounting of receivable payments and application of the same and a draft agreement.  Defendants received a partial accounting on December 10th and confirmed a settlement in principle pending receipt and approval of a written settlement agreement.  Plaintiff's counsel was to draft a settlement agreement.  A draft agreement was finally provided by Plaintiff's counsel on January 12, 2026.

The draft agreement was formatted like a Forbearance Agreement requiring Defendants to waive all rights to seek court intervention under any circumstances and including incorrect recitations based upon the agreement in principle contained in the email exchanges.  The agreement was not drafted like a true settlement agreement of disputed litigation but rather as a one sided threat giving the bank unfettered discretion to declare a default and foreclose for any reason whatsoever eviscerating the agreements the bank purported to make in settlement discussions. Defendants responded repeatedly by modifying the agreement presented to more appropriately model resolution of disputed litigation.

One of the issues that came up on negotiation of the settlement going back to 2025 was the bank's recordation of a lis pendens.  The recordation will affect the purchase price, the defendants' broker provided a letter to the bank confirming the issue, and after repeated requests and offers to provide some other form of "security" to the bank to remove it before listing, the bank steadfastly refused in yet another (in a long line) of attempts to prevent Mr. and Mrs. Sewell from paying off the loans and preserving as much equity in the home as possible.

The bank admitted that the property is worth far more than the loan balance. The property is the Sewells home which they reside in with their minor children. The Sewells invested over $200,000 into improving/updating the property since the mediation as they represented to the bank that they would.  The property was worth approximately $8 to $8.5 million unimproved, which was more than enough to cover Plaintiff's outstanding balance back in September of 2025.  The Sewells were

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

Case No. 5:25-CV-02467-EKL
DEFENDANTS' STATUS REPORT REGARDING
SETTLEMENT

forced to list the property with the lis pendens because of Plaintiff's bad faith. It has been listed for $11.9 million, far exceeding the balance owed to the bank which is $6.3 million.

Plaintiff's counsel never provided any explanation as to why the changes to the agreement requested by Defendants would prejudice the bank or were contrary to law. The response was always, "this is the way we do it". Plaintiff's counsel emailed Defendants' counsel on Friday, March 13, 2026 at 3:48 p.m. providing notice that the bank was backing out of the settlement, threatening to notice depositions of Mr. and Mrs. Sewell and file a summary judgment motion.

The Sewells intend to continue along the path to sale of the property and seek leave to amend to file a cross-claim against the bank for damages resulting from the bad faith actions of the bank which have and will result in financial harm to the Sewells. The Sewells also intend to seek injunctive relief if necessary requesting that the Court order the bank to release the lis pendens and enjoining any foreclosure judgment for an appropriate amount of time to allow a sale or pay off to occur.

Defendants request a Settlement Conference with the Court or Magistrate Judge to explore the possibility of getting the bank to do what it originally agreed to do given the substantial equity cushion in the property.

In the alternative, Defendants have no objection to resetting the trial date and resetting discovery cut off dates, allowing sufficient time for Defendants to file a Motion for Leave to File a Cross-claim against Plaintiff and time for discovery on the new pleading.

Dated: March 25, 2026                                   BURKE, WILLIAMS & SORENSEN, LLP


By: _____
Elizabeth M. Pappy
Attorneys for Defendants
Bret and Christine Sewell, in their
individual capacities and as Trustees of the
Sewell Family Trust

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
SILICON VALLEY

## PROOF OF SERVICE

### *Live Oak Banking v. Trim Tech, et al.*
### Case No. 5:25-CV-02467-EKL

**STATE OF CALIFORNIA, COUNTY OF ALAMEDA**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Alameda, State of California. My business address is 1999 Harrison Street, Suite 1650, Oakland, CA 94612-3520.

On March 25, 2026, I served true copies of the following document(s) described as **DEFENDANTS' STATUS REPORT REGARDING SETTLEMENT** on the interested parties in this action as follows:

Bernie Kornberg
Jack Wallan
Miller Nash LLP
340 Golden Shore, Suite 450
Long Beach, CA 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967
Email:
bernie.kornberg@millernash.com
jack.wallan@millernash.com
Attorneys for Plaintiff
Live Oak Banking Company

Rachel C. Witcher
Ghidotti Berger LLP
1920 Old Tustin Avenue
Santa Ana, CA 92705
949-427-2010
Fax: 949-446-1318
Email: rwitcher@ghidottiberger.com
Counsel for Mortgage Electronic
Registration Systems, Inc.

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 25, 2026, at Oakland, California.

Raquel Rivera

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Silicon Valley

5

Case No. 5:25-CV-02467-EKL
DEFENDANTS' STATUS REPORT REGARDING
SETTLEMENT